## BUCKNER V. RAILWAY.

Decided March 8, 1890.

1. *Rescission of contract—Placing* in statu quo.

An action for the rescission of a contract will not lie where the parties cannot be put *in statu quo*.

2. *Frivolous complaint—Dismissal of—Not error*.

The dismissal of a frivolous complaint, alleging a breach of a contract which would have entitled the plaintiffs to nominal damages only, is not error.

APPEAL from *Washington* Circuit Court in Chancery. J. M. PITTMAN, Judge.

Plaintiffs, citizens of Fayetteville, Arkansas, sued the defendant, the Pacific & Great Eastern Railway Company, in substance alleging that, by fraudulently and falsely representing itself to be solvent and able to build a railroad, by promising to establish a depot and machine shops within the corporate limits of Fayetteville, and by promising within a stated period of time to construct and equip a railroad from Fayetteville to the Madison county line, defendant pro-

cured from plaintiffs a conveyance of the right of way for said railroad over their land; that no other consideration for said conveyance ever passed; that defendant at the time was insolvent; that, within the time agreed and up to the bringing of the suit, defendant had not constructed and equipped such railroad to the Madison county line, or established the depot and machine shops in Fayetteville; that such railroad was built across plaintiffs' lands, to their damage in the sum of $2,000. Plaintiffs prayed that said conveyance be cancelled; or, alternatively, if it be not set aside, that damages be assessed and allowed them.

A demurrer to the complaint was sustained and plaintiffs appealed.

*C. R. Buckner* and *J. D. Walker* for appellants.

1. The contract should have been rescinded for fraud. 35 N. W. Rep., 647; 47 Ark., 335; 32 Iowa, 367; 20 N. W. Rep., 859; Will., Eq. Jur., 302; Story, Eq. Jur., 692; 25 Ohio, 580; 64 Iowa, 149.

2. But if rescission could not be decreed, appellants were certainly entitled to damages under their prayer. Rorer on Railroads, vol. 1, p. 277, 278; 6 Ohio St., 119.

*Sam H. West* and *B. R. Davidson* for appellee.

1. A bill for a rescission of a contract must show that the parties can be placed *in statu quo*. 15 Ark., 286; 17 Ark., 603; 20 Ark., 424. See also 46 Ark., 337; 93 U. S., 62.

2. There being no proper charges to give the court jurisdiction for rescission, equity will not entertain jurisdiction for the purpose of awarding damages. 1 Pom., Eq. Jur., p. 245, sec. 237; 3 Pom., Eq. Jur., p. 458, sec. 1410 and note.

PER CURIAM. The action of plaintiffs could not be sustained as one for rescission. The parties could not be put *in statu quo*.

Had it been treated as an action for damages, the plaintiffs, upon the allegations contained in the complaint, would have been entitled to nominal damages only. There is no allegation of special damages. The use to which plaintiffs' land was put was contemplated and intended by the parties at the time of the conveyance, and it is not charged that the injury resulted from a negligent construction of the work. This court will not reverse and remand a cause where appellant's claim would entitle him to nominal damages only. 3 Graham & Waterman on New Trials, 1356.

Affirmed.