### RINGLEHAUPT *v*. YOUNG.

Decided November 21, 1891.

1. *Examination of experts.*
   An expert cannot be asked his opinion upon disputed questions of fact, except upon a hypothetical statement, unless he is personally acquainted with the material facts in the case.

2. *New trial—Error as to nominal damages.*
   A new trial will not be granted where the evidence shows that appellant is entitled to merely nominal damages.

APPEAL from *Pulaski* Circuit Court.

JOSEPH W. MARTIN, Judge.

#### STATEMENT BY THE COURT.

Plaintiff Charlotte Ringlehaupt, alleged in her complaint that she was the owner of a certain two-story brick house; that the property adjoining on the east belonged to the defendant, W. N. Young, and was a vacant lot; and that Young, in making excavations on this lot for the purpose of erecting a building, made them so recklessly and negligently that they caused the walls of her house to "give way." She further alleged that the defendant excavated without right

on her property to such an extent as to undermine her wall
and cause it to fall, and thereby damaged her in the sum of
$4000.

The defendant Young answered, and, in effect, admitted
that he made excavations on his lot, as stated in plaintiff's
complaint, but denied that they were recklessly or negli-
gently made, or to an unnecessary or improper depth, or
that they were the cause of the fall of plaintiff's wall. He
admitted that the "footings of his wall might have en-
croached a few inches upon the ground of plaintiff," but
averred that it was with her knowledge, consent and request,
and that it was not the cause of and had no connection with
the fall of plaintiff's building.

There was a jury trial and a verdict for defendant; and
to the following question of the court, " Did any encroach-
ment on plaintiff's land at the footing of defendant's wall
cause or contribute in any material degree to cause the fall
of the plaintiff's wall?" the jury returned the special find-
ing, "No;" and to the following question on the part of the
court, "Did defendant make the excavations for the foot-
ings for the wall by permission of plaintiff?" they returned
into court the following special finding, "No."

A. H. Stillman testified in the trial. After stating that he
was a contractor and builder of forty years' experience; that
he knew nothing about plaintiff's building, except that it fell
down; that he never noticed how the men in the employ-
ment of Young did their work; and that he made "observa-
tions" after the building fell; and before he stated what his
"observations" were, he was asked to state the conclusion
he came to as to the cause of the fall of the building, and
the defendant objected to the question. The court sustained
the objection, and plaintiff excepted.

P. C. Ewing testified that he had been an architect and
builder; that he superintended the erection of the building
on Young's lot; that he was often present when the excava-
tions were made, and saw that extra precautions were used
to prevent caving; and that, after plaintiff's building fell,

S C—9

they dug down to "Young's footings," and found that the earth around and immediately above the "footings" was not disturbed by the fall. After this he was permitted to testify, over the objection of plaintiff, that if the digging for the "footings" had caused the fall, "the earth would have slid off down the footings."

Other evidence was admitted in behalf of both parties.

After the conclusion of the evidence plaintiff asked the court to give to the jury five instructions; and the court gave three of them and refused two. The two which were refused were covered by those given.

A motion for a new trial was filed by the plaintiff. Among the grounds upon which the new trial was asked were the refusal of the court to permit Stillman to answer the question propounded to him, the allowing Ewing to state his opinion as evidence over the objection of plaintiff, and the refusal of the court to instruct the jury as she requested. The motion was overruled upon the condition, the defendant consented to a judgment against him for all the costs, to which he consented, and judgment was rendered accordingly, and plaintiff appealed.

*Sam W. Williams* and *Caruth & Erb* for appellant.

1. The opinions of experts as to the probable consequences of digging under a brick wall, such as the plaintiff's, were clearly admissible. 1 Abb. Pr. N. S., 1; 103 Mass., 587; 1 Smith's Lead. Cas., 286; 1 Sutherland on Dam., 786; 4 Barb., 614; 1 Suth. on Dam., 787–8; 2 Dougl., 157.

2. The judge and not the jury found the verdict. He let the verdict for defendant stand, but awarded the costs against defendant. There cannot be two verdicts, one by the court, the other by the jury. Mansf. Dig., sec. 5144. No amendment of a verdict can be made by the court, except in cases of clerical errors, mistakes of calculation, etc., but a new trial should be granted. 2 Hill (N. Y.), 447; 2 Me., 37; 13 Mo., 209; 36 Ga., 584; 9 Miss., 372; 13 Metc., 358; 9 Bosw., 589.

3. The court erred in its instructions, and in refusing plaintiff's second and third requests. The third instruction is elementary law. Young was a trespasser, and he certainly ought to have been required to use due care by underpinning to prevent injury.

*W. L. Terry* and *F. T. Vaughan* for appellees.

1. Stillman's opinion properly ruled out. 1 Thomps. on Trials, secs. 593–4. Ewing's was based upon personal knowledge. *Ib.*, sec. 589.

2. A mere naked trespass is shown, but the jury found that there was no connection between the trespass and the damage. *Damnum absque injuria.* Unless the injury is the result of the trespass, only nominal damages are recoverable. 3 Suth. on Dam., 364. The court properly gave plaintiff her costs, and was authorized to so modify the judgment by consent of appellee. 14 Abb., 185; 1 Suth. on Dam., pp. 13–14, notes 1, 2, 3; 22 Vt., 231; 10 B. & C., 145; 1 Suth., Dam., 815, note 2, 3; p. 827, note 3. This court will not reverse where appellant is only entitled to nominal damages. 53 Ark., 16–18; 52 *id.*, 246–50; 3 Gr. & W. New Tr., 1356–61. Review Mansf. Dig., secs. 5144–5152, 5140, 5141–2, 5143, 5177–8–9, and contend that the court acted properly.

3. The third instruction asked by plaintiff properly refused. All that Young was required to do was to notify appellant and use due care and diligence. 1 Thomps. on Neg., 276, par. 2 and cases. After giving such notice he is bound only to reasonable and ordinary care. *Ib.;* 22 Mo., 566, 574; Sh. & Redf. on Neg., sec. 497, 7th ed.; Bish. on Non-Cont. Law, secs. 909–10, note 5. Ringlehaupt had the right of lateral support only for his *land; it did not extend to his building.* Tied., Real Property, sec. 618; 17 Johns., 92; 1 Thomps., Neg., p. 249; *ib.*, 254; 2 *id.*, 692; Wharton on Negl., sec. 929, notes 1, 2, and 3; 37 Vt., 99; 3 Suth. on Dam., 417–18; 51 Mo., 319; 12 Mass., 220; 6 N. Y. C. L. Rep., 91; Cooley on Torts, 595; 1 Dutcher, 356; 122 Mass.,

197–9; 22 Md., 566 ; 76 Ill., 231 ; 80 Va., 1 ; Mansf. Dig., sec. 782. It was appellant's legal duty to protect his own building. *Supra.*

4. The preponderance of proof is that Ringlehaupt's wall was *defective in its original construction*, and in very bad condition, out of plumb, etc. See 122 Mass., 199.

5. See on the question of contributory negligence, 4 Wait, 715 ; Bish. Non-Cont. Law, sec. 450; Whart. on Neg., pp. 720–1, note 1 ; 7 Watts, 460 ; Washb. on Ease, 551 ; 31 Mo., 412; 1 Thomps. on Neg., p. 279, par 5 ; Whart., Neg., p. 272, note 1 ; Bish. Non-Cont. Law, 906 ; 38 Ark., 357–8.

**1. Examination of experts.**

BATTLE, J., after stating the facts as above reported.

The circuit court properly refused to allow Stillman to answer the question propounded to him. He did not disclose any knowledge of facts upon which an opinion could be formed upon the subject matter of inquiry, and hence was not competent to express any, except upon a hypothetical statement of facts.

Expert witnesses cannot be called upon to decide disputed questions of fact. It is the office of the jury to decide them. As to how the opinions of experts should be elicited and adduced as evidence, when the expert is not personally acquainted with the material facts in the case, Chief Justice Shaw, in delivering the opinion of the court in *Dickenson* v. *Fitchburg*, 13 Gray, 546, 556, correctly stated the law as follows: " In order to obtain the opinion of a witness on matters not depending upon general knowledge, but on facts not testified of by himself, one of two modes is pursued : either the witness is present and hears all the testimony, or the testimony is summed up in the question put to him; and in either case the question is put to him hypothetically, whether if certain facts testified of are true, he can form an opinion, and what that opinion is." Thompson on Trials, secs. 593, 595, and cases cited.

Ewing was competent to express an opinion upon the subject matter upon which his opinion was asked. He was an

expert witness and had full knowledge of the manner in which the excavation was made, and the quality aud condition of the earth around and above the "footings" of Young's walls before and immediately after the fall of appellant's building, and the probable effect of the weight of her wall upon such earth, if the excavation had been the cause of its fall. Upon the facts known by him he was competent to express an opinion. *Brown* v. *Huffard*, 69 Mo., 305 ; *Bellefontaine, etc., Ry. Co.* v. *Bailey*, 11 Ohio St., 333, 337 ; *Bellinger* v. *N. Y. Cent. Ry. Co.*, 23 N. Y., 42, 46 ; *Transportation Line* v. *Hope*, 95 U. S., 297, 298 ; Rogers on Expert Testimony (2d ed.), sec. 31.

There was no error in refusing the instructions, which were substantially given in other instructions.

There was no error prejudicial to appellant in the overruling of the motion for a new trial on the condition that defendant consented to a judgment against him for all the costs. The jury were required to find specially "Whether any encroachments on plaintiff's land at the 'footing' of defendant's wall caused or contributed in any material degree to cause the fall of plaintiff's wall." They answered "No." There was evidence to support the finding. This being true, a mere naked trespass was committed. Apart from the fall of the building of appellant, the evidence does not show that she suffered any more than nominal damages.

*2. No new trial for error as to nominal damages.*

This court has heretofore decided that it would not remand a cause for a new trial when the evidence shows that the appellant is only entitled to nominal damages. *Buckner* v. *Railway*, 53 Ark., 16–18 ; *DeYampert* v. *Johnson*, 54 Ark., 165.

Judgment affirmed.