CHOCTAW & MEMPHIS RAILROAD COMPANY v. WALKER.

Opinion delivered October 31, 1903.

CARRIER—DELAY IN SHIPMENT—DAMAGES.—A carrier is not liable for injuries to goods from a delay in shipment that was not unusual if it had no notice of the urgency of the shipment or that unusual expedition in transporting was necessary to save from loss.

Appeal from Monroe Circuit Court.

GEO. M. CHAPLINE, Judge.

Affirmed.

J. W. McLoud and E. B. Peirce, for apellants.

The court erred in failing to require plaintiff to set out in his complaint upon which road the loss occurred. Hutch. Car. § 760. The plaintiff should have shown that the goods were delivered to appellant. Hutch. Car. §§ 102, 103; 5 Am. & Eng. Enc. Law (2d ed.) 190.

H. A. & J. R. Parker, for appellee.

The condition and quantity of goods when delivered to the first connecting carrier being shown, the jury has a right to infer that they continued in that condition down to the delivery to the carrier completing the transportation. Hutch. Car. § 761; 28 Wis. 204; 74 N. C. 538; 43 Barb. 225; 32 Vt. 665; 53 Ala. 19;

72 A. D. 228; 23 S. W. 801; 15 N. W. 872; 12 Am. & Eng. R. Cas. 35; 32 *Id.* 732, 481; 18 *Id.* 268; 9 *Id.* 392; 50 Ark. 397; 74 Mo. 159; 9 Lea, 38. The action may be in form either *ex contractu* or *ex delicto.* 41 Ark. 478; 58 Ark. 136. There is no misjoinder of defendants. 44 Ark. 324. The injured party is entitled to a measure of compensation which will place him in as good condition as if the contract had been fulfilled. 1 Suth. Dam. 127. Appellee was entitled to damages for delay. 32 Am. & Eng. R. Cas. 543; 9 *Id.* 336; 31 Ia. 583, 338; 46 Miss. 458; 8 Jones, 235; 56 Ark. 450.

*J. W. McLoud* and *E. B. Pierce,* for appellant in reply.

Appellee is not entitled to special damages. Hutch. Car. § 769; Suth. Dam. 229; 9 Exch. 354; 124 Mass. 423; 53 Ark. 443; 54 Ark. 24.

BUNN, C. J. This is a suit in the Monroe circuit court by the appellee, J. W. Walker, against the Choctaw & Memphis, the Choctaw, Oklahoma & Gulf, and the St. Louis Southwestern Railroad Companies for damages alleged to have been occasioned in the loss of certain articles of gin machinery *in transitu.* After hearing the evidence and arguments of counsel, the court ordered judgment to be entered in favor of the defendant, the Choctaw, Oklahoma & Gulf Railroad Company, and in their verdict the jury found against the Choctaw & Memphis Railroad Company, and judgment was rendered accordingly; and also the court directed judgment in favor of the St. Louis Southwestern Railroad Company. The defendant, the Choctaw & Memphis Railroad Company, as also the plaintiff, filed their motions for new trial, which being overruled, both appeal to this court.

The evidence showed that the Choctaw, Oklahoma & Gulf Railroad Company was the successor of the Choctaw & Memphis Railroad Company in the ownership and operation of the road from Memphis, Tennessee, to Brinkley, Arkansas, over which said articles are alleged to have been billed to be shipped, and succeeded thereto after the alleged shipments were made. The case as to the Choctaw, Oklahoma & Gulf Railroad Company was consequently dismissed, or, rather, judgment entered in its favor.

The presumption of liability against the last carrier appears to have been overturned successfully by the St. Louis Southwestern Railroad Company. The jury found against the Choctaw & Memphis Railroad Company only, and the court thereupon entered

judgment for the St. Louis Southwestern Railroad Company. The court rendered judgment against the Choctaw & Memphis Railroad Company in accordance with the verdict for the sum of $176.05, and the plaintiff and the Choctaw & Memphis Railroad Company appealed, as aforesaid.

There appears to have been some controversy as to whether or not the missing articles had not been substituted by mistake for other articles that had no connection with the order of shipment, but we infer that the trial court, in effect, held that the evidence was insufficient to make this an issue in the case, as it refused an instruction asked directly upon that point. This evidence appears mainly to have consisted of the discrepancy between the bill of lading first copied in the record and another brought forward on certiorari, as to pencil marks indicating the articles. These substituted articles were not found, as it appears, when the car containing this shipment was unloaded at Clarendon, Ark., by the appellee in the presence of the agent of the last carrier— the St. Louis Southwestern Company.

The controversy, in this way, was narrowed down as one between the plaintiff and the defendant, the Choctaw & Memphis Railroad Company; and the question of fact (there being no material errors in the instructions) is whether or not the said defendant is liable for said lost articles. There is evidence to the effect that the entire list of articles covered by the bill of lading was shipped from Prattsville, Alabama, on board the Louisville & Nashville car to Memphis, Tennessee; and the receipt from the Choctaw & Memphis (whose servants and employes alone transferred the shipped articles from the car of the Louisville & Nashville Railroad to a similar car of its own) to the latter covered the same items of freight as the bill of lading aforesaid. The question of fact was addressed to the jury, and their verdict was for the plaintiff and against the Choctaw & Memphis Railroad Company. Under the circumstances, we can do nothing but affirm the judgment.

The question as to damages for the delay in delivering the articles must be decided in favor of the defendant, as it is not shown that the defendants had any notice of the urgency of the shipment, or that unusual expedition in transporting was necessary to save loss. There was no unusual delay in the shipment in this case.

Affirmed.