CRUTCHER v. CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY.

Opinon delivered February 25, 1905.

1. CARRIER—DELAY IN TRANSPORTATION—DAMAGES.—Ordinarily, the measure of damages recoverable against a common carrier resulting from delay in transportation of property is the difference between its value at the time and place the delivery should have been made and the value when the delivery was made, with interest, after deducting freight charges. (Page 360.)

2. SAME—SPECIAL DAMAGES FOR DELAY.—In addition to the ordinary damages recoverable from a common carrier for delay in transportation of freight, if there be special circumstances augmenting the damages resulting from delay, which both parties reasonably contemplated from a knowledge of the circumstances, the carrier will be liable therefor. (Page 360.)

3. SAME—NOTICE OF SPECIAL DAMAGES.—To charge a common carrier with special damages for delay in transporting freight, notice of the circumstances out of which the special damages grew must have been given to the carrier at the time of or before the making of the contract of shipment. (Page 360.)

4. ERROR AS TO NOMINAL DAMAGES—PRACTICE.—While it was error to direct a verdict for defendant and to render judgment for costs against plaintiff in a case where the latter was entitled to nominal damages, the cause will not be remanded for a new trial on that account, but the judgment of the lower court will be reversed, and judgment entered against the former for all costs of action. (Page 361.)

Appeal from Lonoke Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

Action for damages alleged to have resulted from delay in transportation of a car load of cotton seed hulls and meal, which was delivered to defendant at Little Rock by the Arkansas Cotton Oil Company for shipment to Lonoke, a station on defendant's road. The plaintiff alleged in his complaint that he ordered the shipment of hulls and meal to use as food for his cattle at Lonoke, and that by reason of the delay the cattle were injured, and plaintiff demanded damages therefor in the sum of $314. He further alleged that he was dependent upon the shipment for food for his cattle, and that the defendant was notified of the urgency for a prompt delivery.

There was no testimony tending to show that defendant had notice, at the time of the shipment, of the intended use of the commodity by the plaintiff, nor of his urgent need for same, but there was proof that after the shipment, and during the period of the delay, he notified defendant's station agent at Lonoke of those facts.

The court below directed a verdict for defendant, and the plaintiff saved exceptions, and appealed.

*George Sibly*, for appellant.

The court erred in withdrawing the case from the jury, and in holding that the damages complained of were remote and speculative. 1 Sedgw. Dam. § 122; 5 Wend. 585; 5 Am. & Eng.

Enc. Law, 5; Suth. Dam. § § 122, 147; Sedgw. Dam. § § 153, 166; 6 Am. & Eng. R. Cas. 194; 9 *Ib.* 335; 5 Ill. App. 502; 47 Ark. 477.

*E. B. Peirce* and *T. S. Busbee,* for appellee.

The defendant was not liable for the damages sought to be recovered. 48 Ark. 502; 53 Ark. 443; 54 Ark. 24; 71 Ark. 571; 3 Suth. Dam. 229; 124 Mass. 423; Hutch. Car. § 773.

*George Sibly,* for appellant in reply.

The jury are the judges upon the evidence as to whether defendant had such notice, express or from the nature of the goods shipped. 2 Sedgw. Dam. 856; 18 Am. & Eng. R. Cas. 521; 28 *Id.* 57; 30 *Id.* 135; 42 *Id.* 537; 18 W. Va. 361; 26 Barb. 564; 26 Ill. 205; 79 Mo. 16.

McCULLOCH, J., (after stating the facts.) It is settled by the decisions of this court that ordinarily the measure of damages recoverable against a common carrier resulting from delay in transportation of property is the difference between the value at the time and place the delivery should have been made and the value when delivery was in fact made, with interest, after deducting freight charges. But if there be special circumstances, known to both parties to the contract of shipment, surrounding the intended use of the property, which would augment the damages resulting from delay, and which both parties reasonably contemplated from a knowledge of those circumstances, the carrier will be liable therefor. *St. Louis, I. M. & S. Railway Company* v. *Phelps,* 46 Ark. 485; *St. Louis, I. M. & S. Railway* v. *Mudford,* 48 Ark. 502; *Choctaw & M. Railway Company* v. *Walker,* 71 Ark. 571. The same rule prevails as to other corporations and individuals. *W. U. Telegraph Company* v. *Short,* 53 Ark. 443; *Murrell* v. *Pacific Express Company,* 54 Ark. 22; *Hooks Smelting Company* v. *Planters Compress Company,* 72 Ark. 275; 3 Suth. Dam. p. 218; *Hadley* v. *Baxendale,* 9 Exch. 341.

It is contended by appellant that notice given to the carrier, after the making of the contract and shipment of the property, of the special circumstances is sufficient to charge the carrier with the increased damages. This is not correct. The notice must be given at the time or before the making of the contract. In *Hooks Smelting Company* v. *Planters Compress Company, 72* Ark. *supra,* p. 289, the court said: "For it is well settled that, in order to make a party to a contract liable for special damages, he must

have notice of the special circumstances at or before the making of the contract. He must, at the time he receives notice of the facts showing that upon a breach he will be subjected to special damages, be free to insist on such additional compensation as he may choose to demand. But if the price for the work, or for the part in which he is most interested, has been fixed, so that he must go ahead with the contract, then notice of the circumstances will have no effect to enlarge his liability."

Though all the reasoning upon which the court reached its conclusion in the case above quoted is not applicable to the contract of a carrier for transportation of property, the principle is the same, and controls the question of increased liability in this case. *V. & M. Railway Company* v. *Ragsdale*, 46 Miss. 480; *Ligon* v. *Mo. Pac. Railway Company*, 3 Tex. App. Civ. Cas. 17; *Gee* v. *Liverpool*, 3 L. T. N. S. 322; *Globe Refining Company* v. *Landa Oil Company*, 190 U. S. 545.

It follows that, there being no testimony tending to show notice, at the time of the shipment to the defendant, of any special use of the property, and no depreciation in value or price being shown, the jury should have been instructed to return a verdict in favor of defendant as to actual damages. But the undisputed testimony clearly established a breach of the contract by the defendant, and the plaintiff was entitled to a judgment for nominal damages and costs of suit, and the court erred in directing a verdict for defendant and in rendering judgment against the plaintiff for costs. *De Yampert* v. *Johnson*, 54 Ark. 165; *Ringlehaupt* v. *Young*, 55 Ark. 128.

The cause will not be remanded for a new trial on account of the failure of the court to render judgment for nominal damages; but the judgment will be reversed, and judgment entered here in favor of appellant for all costs of the action.