## Dilley v. Thomas.

### Opinion delivered January 20, 1913.

1. CONTRACT—PENALTY AND LIQUIDATED DAMAGES.—In a contract where there is a provision for liquidated damages for breach, the test of whether the same is liquidated damages or a penalty is whether the actual damages caused by the breach would be uncertain and difficult of proof and the sum stipulated appears to be a reasonable compensation for the injury occasioned by the failure to perform the contract. (Page 278.)

2. SAME—WHEN FORFEIT TREATED AS A PENALTY.—Where a contract provides for a payment of 25 per cent. of the gross purchase price named in the contract, for any partial breach of the terms of the conract, it is a stipulation for a penalty, as the sum named is so excessive as not to constitute a fair compensation for a breach. (Page 279.)

3. SAME—PENALTY—NOMINAL DAMAGES.—Where a party rests upon his claim for damages, solely upon the stipulation for liquidated damages, and introduces no proof of actual damages, although he might properly have done so, when the stipulation for liquidated damages is construed as a stipulation for a penalty, the plaintiff after a breach by defendant, is entitled only to nominal damages. (Page 280.)

4. ERROR AS TO NOMINAL DAMAGES—PRACTICE.—Where plaintiff is entitled to nominal damages, a cause, though reversed, will not be remanded, but judgment will be entered in the Supreme Court for said nominal damages. (Page 280.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; reversed.

STATEMENT BY THE COURT.

This suit was commenced on July 3, 1911, by George E. Dilley, who resides in Palestine, Texas, and does business there under the name of George M. Dilley & Son, against the appellee, J. A. Thomas, to recover liquidated damages for the violation of a contract of sale of a lot of gin machinery, entered into by appellee with the appellant on the 21st day of April, 1911.

The contract of sale covered a two-story, Gullett, three seventy-saw gin system with the belts, bolts, pipes, pulleys, and fixtures belonging thereto and a boiler and engine, all of which were to be delivered f. o. b. cars at the factory for the sum of $100, May 1, 1911, cash with order, $100, June 25, 1911, $800 cash on arrival, and two notes as follows:   $1,000 due November 1, 1912, and $1,000 due November 1, 1913.

There were other recitals in the contract, relating to the insurance to be taken out, and the deed of trust which was to be executed as security for the purchase money; and there was also the following provision for liquidated damages which formed the basis of this suit, as follows:

"And, whereas, the said George M. Dilley, & Son, has already been at considerable expense and trouble in connection with the sale of said goods and property above described, and, whereas, it is contemplated and recognized by all of the parties hereto that the said George M. Dilley & Son, will sustain damages by our failure to comply with the terms of this contract of purchase, and it is hereby specially agreed that in case I fail or refuse to receive said property, or any part thereof on arrival, or if I, after the execution of this order at any time decline to comply with the terms thereof, or in any manner breach or fail or refuse to carry out the terms of this contract and order, we agree to pay to George M. Dilley & Son, at Palestine, Texas, 25 per cent of the gross purchase price of the property as above mentioned in this contract, and 10 per cent additional thereon as attorney's

fees, if placed in the hands of an attorney for collection, as stipulated, as liquidated damages, and not as a penalty; it being the express intention of the parties to this contract that said amount shall be ascertained stipulated and liquidated damages agreed upon for our said breach of this contract. And it is further expressly agreed that any damages arising from any breach of this contract, either by the said George M. Dilley & Son, or ourselves, shall be payable at Palestine, Texas, and any suit filed to enforce any obligation of this contract shall be brought in Anderson County, Texas.

"No understanding, whether verbal or otherwise, will be recognized unless specified in this contract."

The defendant answered, and admitted the execution of the instrument sued on, and further admitted a total breach of the contract by refusing to receive the property, and by entirely repudiating the contract. He also alleged that the contract was not to become effective until May 1, and he says before that time he exercised his option of declining to buy, and he further alleged that he was induced to sign by the fraud of defendant's salesman practiced upon him; in this, that the said salesman undertook to read said contract to him and professed to have done so and that he signed the same in ignorance of the fact that it contained the provision heretofore quoted in regard to damages.

The cause was submitted upon the deposition of appellant and of his salesman, T. J. Harris, who made the sale to defendant, and who was alleged in the answer to have perpetrated the fraud upon appellee. Appellant testified that he received the order on April 22, and wrote an acceptance of it the same day, and on the same day placed an order for the engine and boiler and gin machinery with the factory, but he says that he afterwards cancelled this order at the factory. He does not undertake to show that he sustained any loss by the cancellation of this order, nor that he would have derived any profit by compliance with this contract. He attaches to his deposition the correspondence which he had with appellee and, without copying it here, it may be said that its effect

is not to sustain the allegations of the answer that there was any condition as to when the contract should become effective, or that any fraud was practiced in its procurement. The deposition of Harris was also read in evidence and his testimony is to the effect that the contract was executed in perfect good faith, and he made as exhibit to his deposition certain correspondence from appellee to witness personally, which apparently corroborates the witness. The defendant offered no evidence whatever and the allegations of his answer were therefore entirely unsupported. The court directed the jury to return a verdict for the defendant and this was done and from the judgment rendered thereon, this appeal is prosecuted.

*C. W. McKay,* for appellant.

The contract specifically states that the amount agreed upon is liquidated damages, and not a penalty, and it should require very strong evidence that the parties did not intend what they clearly say they do intend, before the court would be justified in holding to the contrary. 7 Wheat. 13, 5 L. Ed. 384.

If it be held that the language used should not control, then the principle would apply that "where the contract is of such nature that the damages caused by its breach would be uncertain and difficult, the sum named by the parties will be held to be liquidated damages, if the form and language of the instrument will permit that construction and the magnitude of the sum does not forbid it." 57 Ark. 168; 13 Cyc. 102; 14 Ark. 315; 73 Ark. 432; 87 Ark. 52; 7 Ark. 552. See also 46 Law Ed. 382; 21 N. Y. 253-257.

*J. E. Hawkins,* for appellee.

1. On the question of nominal damages raised by appellant, this court will not reverse, even if it be found that he would be entitled to nominal damages. 53 Ark. 16; 55 Ark. 382; 74 Ark. 358.

2. In determining the question whether the amount named in the contract is liquidated damages or a penalty,

the entire contract will be considered, and from all the facts and circumstances connected therewith it will be determined whether or not actual compensation for the breach was the end to be reached or whether or not at the time the contract was made it was intended to force performance by imposing a penalty for its breach, and if the latter was the purpose, the courts will refuse to enforce collection of the penalty. Parsons on Contracts (8 ed.), 166-7; 1 Pomeroy's Eq. Jur. (3 ed.), 728; 45 C. C. A. 343.

The amount named was intended as a penalty, and the mere fact that it was called liquidated damages does not change its character. 14 Ark. 329; 13 Cyc. 97; 47 Kan. 126; Pomeroy, Eq. Jur. (3 ed.), § 443; 73 Ark. 432; 148 Pa. St. 645; 21 Ore. 194; 34 S. W. 328.

The amount named is so excessively out of proportion to the amount of damages sustained as to stamp it as a penalty. 55 Ark. 381; 38 Ark. 557; 57 Ark. 175; 45 C. C. A. 343; 13 Cyc. 96.

SMITH, J., (after stating the facts). The court must necessarily have found as a matter of law, from the facts stated, that the sum named in the contract was a penalty and not liquidated damages; and the first question is whether or not that finding was correct, and if that question is answered affirmatively, a second question arises upon the action of the court in directing a verdict after that finding had been made.

The books are full of cases, where contracts calling for payment of what is demonimated "liquidated damages" have been construed by the courts to be mere penalties, and there are several such cases in our own reports, and the rule of construction of such provisions is stated by this court in the opinion by Judge MANSFIELD in *Nilson* v. *Jonesboro,* 57 Ark. 168, and approved by Justice McCULLOCH in *Stillwell* v. *Paepcke-Leicht Lbr. Co.,* 73 Ark. 436, as follows: "Usually the surest test of liquidated damages is where the actual damages caused by the breach would be uncertain and difficult of proof, and the sum stipulated appears to be a reasonable compensation for the injury occasioned by the failure to per-

form the contract. The purpose in permitting such stipulation for damages as compensation, is to render certain and definite that which appears to be uncertain and not easily susceptible of proof. But the damages so stipulated for must be such as to amount to compensation only, and not so excessive or unreasonable as to amount purely to a .penalty, without being confined to the elements of fair compensation." Applying this test to the contract under consideration, we are of opinion that the provision with reference to the 25 per cent as damages is a stipulation for a penalty. This is true because, in the first place, it provides for this recovery for any partial breach, such as failure to insure, to execute deed of trust, or to make payments or to otherwise comply with the terms of the contract. Moreover, there could be no great uncertainty, or difficulty of proof, in ascertaining the actual damages upon failure to perform the contract. For instance, upon an entire repudiation of the contract, as here exists, the difference between the contract price and the price at the factory, f. o. b. cars, measures the damages; and, further, it may be said, that the sum named is so excessive for some possible breach of the contract, that it can not be confined to the elements of fair compensation, and under these circumstances, the court did not err in holding the sum named was not recoverable as liquidated damages.

But because this is a stipulation for a penalty, it does not follow that a verdict for the defendant should have been directed by the court. In the case of *Stillwell* v. *Paepcke-Leicht Lumber Co., supra,* after holding the contract there construed to be a stipulation for a penalty, the court said: "Nor could the stipulation be separated, and a part discarded as a penalty, and the remainder treated as liquidated damages. This being true, the court should have permitted proof as to the actual damages sustained by the appellant by reason of appellee's failure to perform the contract." And it was there held that the court erred in refusing to allow proof of the actual damages sustained and reversed the case on that account. Here the case was not submitted to the

jury and there was no opportunity to assess even nominal damages.

The undisputed facts here are that appellee failed to comply with his contract and wholly repudiated it and his action in so doing stands unexcused and appellant was entitled to recover at least nominal damages. *Western Union Tel. Co.* v. *Aubrey*, 61 Ark. 613.

Appellant stood upon his contention that the sum sued for was recoverable as "liquidated damages" and made no attempt to show that any actual damages had been sustained, nor the amount thereof, and accordingly under our view of the evidence in this case he can recover only nominal damages.

But we have held that a cause will not be reversed and remanded where nominal damages only can be recovered. *Crutcher* v. *Choctaw, O. & G. Ry. Co.*, 74 Ark. 358; *Glasscock* v. *Rosengrant*, 55 Ark. 382; *Ringlehaupt* v. *Young*, 55 Ark. 128; *DeYampert* v. *Johnson*, 54 Ark. 165; *Buckner* v. *Railway*, 53 Ark. 16. Accordingly the judgment of the court below is reversed and judgment will be entered here in favor of appellant for nominal damages and all costs of this cause.