BENEDICT PINEAPPLE COMPANY, A CORPORATION, *Plaintiff in Error,* v. ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Defendant in Error.*

1. A demurrer or a ground thereof that in effect merely states that a declaration or a count therein is bad in substance, or fails to allege a cause of action, does not comply with the statute requiring the substantial matters of law intended to be argued to be stated, and will not avail as a demurrer, unless it plainly appears from a reading of the declaration or count that it does not by direct statements or by fair inferences drawn therefrom, contain all the essentials of a cause of action.

2. The right of a railroad company to run its engines and trains over its tracks is coupled with the duty to so operate the engine as not to negligently injure the property of others near the track. The duty arises by implication of law out of the relation of the parties to each other and the circumstances of the case.

3. The negligent act or omission for which a party is liable in damages is one that proximately, *i. e.* in ordinary natural sequence, causes or contributes to causing an injury to another, when no independent efficient cause intervenes, and the injured party is not at fault.

4. Liability for negligence extends to all its natural, probable and ordinary results. An injury that under the circumstances is the natural, probable and ordinary result of a negligent act

or omission, is in law held to have been contemplated by the negligent party as a probable and proximate result of the negligence, when he is informed, or by ordinary observation would have been informed of the facts and circumstances attending the negligence.

5. The ordinary conditions or forces of nature, such as ordinary wind, cold, heat, and the like, that are usual at the time and place and under the circumstances, and that reasonably should have been expected or foreseen as probable to occur, are not, in general, independent, efficient causes, when they affect or operate upon a negligent act or omission in causing an injurious result.

6. Those who are negligent are held in law to know the usual effect of ordinary natural conditions and forces upon a negligent act or omission, and to have contemplated the probable effect of such conditions and forces upon their negligence or upon its proximate results, and to be liable in damages for the natural and probable proximate results of the negligence.

7. Where an action is brought for an injury that is the result of the negligence of the defendant and of some other contributing cause not an independent efficient cause, and the result could not have been produced in the absence of either contributing cause, the defendant's negligence is a proximate cause of the injury, if under the circumstances attending the defendant's negligence, the injury was a probable, natural and usual result of the two contributing causes, that the defendant is held to have contemplated, and the plaintiff or those for whom he is responsible did not contribute proximately to the injury.

8. Where a means such as a cover has been provided by the owner of property to protect it from an injury that will probably occur, and such cover is without the fault of the owner, injured or destroyed by the negligence of another, who under the circumstances of the case knew or should have known of the use to which the cover was applied and of the injury that would probably result from the destruction of the cover, and the destruction of the cover defeats the sole purpose for which it was used, damages may be recovered for injuries to the property that was so protected, which proximately follow or result from the destruction of the cover provided for the protection of the property injured.

9. Owners of property have a right to use it in any manner desired that is not inconsistent with the rights of others. This includes the right of those having land near a railroad track a place a canvas cover over plants growing on the land; and the mere fact that the cover is within the reach of sparks of fire emitted from locomotive engines passing on the track nearby does not relieve the railroad company from liability for its negligence in permitting sparks to escape from the engine and burn the cover.

10. Where cover is put over growing plants and fruit to protect them from ordinary and usual cold and frost, and the cover is burned by the negligence of another, injury to the growing plants and fruit by ordinary and usual cold and frost that should have been expected at the time and place of the negligence is not such an act of God as will relieve from liability the party who negligently burned the cover.

11. Where negligence is the basis of recovery, the declaration should contain allegations of the negligent act or omission of the defendant, and also allegations of facts to show injury to the plaintiff, and that such injury was a proximate result of the negligence alleged.

12. A declaration which states that the defendant railroad company "so carelessly and negligently managed and operated one of its locomotives * * * that fire escaped therefrom and set fire to the canvas cover or cloth with which a pinery belonging to the plaintiff and situated near to the track of the defendant * * * was covered and burned a large part, to-wit: about one acre of said cover," and alleges damages in a stated amount, is sufficient to authorize a recovery of general damages or such as necessarily result from the burning of the canvas cover to the extent of its value within the stated amount.

13. In an action for damages where it is in effect alleged that in the month of January the defendant negligently burned the cover used to protect growing plants and fruit from injury by ordinary cold and frost usual "in the winter season" at the place of the negligence, of which use to prevent probable injury the defendant knew or should have known, that shortly after the burning of the cover the plants and fruit were injured by frost and cold which injury defendant should have antici-

pated, and that the injury "was caused by the negligence of the defendant in burning part of the cover as aforesaid," and damages are claimed, it is not necessary to allege "that at the time of the occurrence of the fire the weather was such that cold and frost could be anticipated by the defendant" or "that in the month of January cold and frost of such character as to damage growing plants ordinarily occurred." The court knows judicially that January is in the winter season. If frost or cold of any degree injured the plants and fruit, as a proximate result of the defendant's negligence, under the circumstances as alleged, the extent of the cold or the condition of the weather at the time of the negligence are not material.

14. An allegation that injury to growing plants and fruit by frost and cold occurred after and as a result of the negligent burning of the cover used to protect the plants and fruit from frost and cold sufficiently connects by ordinary natural sequence the negligence and the injury.

15. In view of the peculiar risks and duties of railroad companies in the use of dangerous machinery running rapidly and carrying fire along the lines of road, the statutes of the State provide that railroad companies shall be liable for any damage to property by the running of trains or other machinery unless the companies shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the companies, and that if the complainant and the agents of the companies are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to the complainant. Under these statutes a complainant has a right of action for the negligence of a railroad company even if he has also been negligent, but the amount of recovery is affected by the complainant's negligence.

16. Where a declaration states a cause of action for any recovery a demurrer thereto should be overruled.

This case was decided by Division A.

Writ of Error to the Circuit Court for Orange County.

## Statement.

On a former writ of error the original declaration in this cause was held to be defective and a judgment obtained against the railroad company was reversed Atlantic Coast Line R. R. Co. v. Benedict Pineapple Co., 52 Fla. 165, 42 South. Rep. 529.

The amended declaration is as follows: "The Benedict Pineapple Company, a corporation existing under the laws of the state of Florida, by Massey & Warlow, its attorneys, sues the Atlantic Coast Line Railroad Company, a corporation:

For that the defendant is a railroad corporation operating a railroad through the city of Orlando, and in the winter season, to-wit: on or about the 7th day of January, A. D. 1905, it so carelessly and negligently managed and operated one of its locomotives while drawing a train through said city, in Orange county aforesaid, that fire escaped from said locomotive and set fire to the canvas or cloth with which a pinery belonging to the plaintiff and situated near to the track of the defendant in the city aforesaid, was covered, and burned a large part, to-wit, about one acre of the said cover.

And the plaintiff says also that in the said pinery a large number of pineapple plants were set and growing, some of which had on them fruit at various stages of development, and that pineapple plants and fruit were likely to be damaged by frost and cold in the said city of Orlando (in which said pinery was situated) and the latitude thereof in the winter season, and that it was usual and customary in and about the said city and latitude to cover pineries with canvas or cloth in order to protect the plants and fruit growing thereon from dam the winter season on short notice; and which otherwise would damage the plants and fruit; and that in accord-

ance with said custom the plaintiff had provided its said
pinery with a good canvas or cloth cover for the purpose
aforesaid and had also provided stoves and fuel in the
said pinery ready, and sufficient (if the pinery were cov-
ered as aforesaid), to heat the said pinery immediately
upon the coming of cold and frost dangerous to the said
plants and fruit and thus preserve them from damage
therefrom.    And the plaintiff says that shortly after the
burning of the portion of the cover as aforesaid and be-
for the plaintiff by exercise of any reasonable diligence
by it could replace the part of the cover which had been
burned through the negligence of the defendant as afore-
said, the plants and fruit were damaged by frost and
cold for want of the complete cover and the subsequent
inability of the plaintiff to control the temperature within
said pinery.

And the plaintiff says that the defendant well know
or ought to have known that pineapple plants and fruit
in the city of Orlando and in the latitude thereof were
likely to be damaged by frost and cold in the winter
season and that it was usual and customary to cover the
pineries aforesaid with canvas or cloth in order to pro-
tect the plants and fruit from damage by frost and cold
and also to keep in the heat produced or generated as
aforesaid during spells of frost and cold as aforesaid,
and well knew or ought to have known the purpose for
which the plaintiff's said pinery was covered with can-
vas or cloth as aforesaid and that damage to plants and
fruit therein was likely to happen at that season by the
burning of a large part of the said cover as aforesaid.
And the plaintiff says that but for the burning of a large
part of the cover through the negligence of the defend-
ant as aforesaid, it, the said plaintiff, could have saved
age by frost and cold and also to keep in the heat pro-
duced or generated by fires maintained in the pineries

during spells of frost and cold which ordinarily come in its said plants and fruit from damage by the particular frost and cold which damaged them, which damage was caused by the negligence of the defendant in burning part of the cover as aforesaid.

And also for that the defendant is a railroad corporation operating a railroad through the city of Orlando, and in the winter season, to-wit, on or about the 7th day of January, A. D. 1905, it ran a train through said city, in Orange county aforesaid, drawn by a locomotive which was so carelessly and negligently equipped and provided with proper apparatus to prevent the escape of fire from said locomotive that fire did escape therefrom and set fire to the canvas or cloth with which a pinery belonging to the plaintiff and situated near to the track of the defendant in the city aforesaid was covered and burned a large part, to-wit, about one acre of the said cover.

And the plaintiff says also that in the said pinery a large number of pineapple plants were set and growing, some of which had on them fruit at various stages of development, and that pineapple plants and fruit were likely to be damaged by frost and cold in the said city of Orlando (in which said pinery was situated) and the latitude thereof in the winter season, and that it was usual and customary in and about the said city and latitude to cover pineries with canvas or cloth in order to protect the plants and fruit growing therein from damage by frost and cold and also to keep in the heat produced or generated by fires maintained in the pineries during spells of frost and cold which ordinarily come in the winter season on short notice; and which otherwise would damage the plants and fruit; and that in accordance with said custom the plaintiff had provided its said pinery with a good canvas or cloth cover for the purpose

aforesaid and had also provided stoves 'and fuel in the said ·pinery, ready, and sufficient (if the pinery were covered as aforesaid), to heat the said pinery immediately upon the coming of cold and frost dangerous to the said plants and fruit and thus preserve them from damage therefrom. And the plaintiff, says that shortly after the burning of the portion of the cover as aforesaid and before the plaintiff by exercise of any reasonable diligence by it could replace the part of the cover which had been burned through the negligence of the defendant as aforesaid, the plants and fruit were damaged by frost and cold for want of the complete cover and the consequent inability of the plaintiff to control the temperature within said pinery.

And the plaintiff says that the defendant well knew or ought to have known that pineapple plants and fruit in the city. of Orlando and in the latitude thereof were likely to be damaged by frost and cold in the winter season and that it was usual and customary to cover the pineries aforesaid with canvas or cloth in order to protect the plants and fruit from damage by frost and cold and also to keep in the heat produced or generated as aforesaid during spells of frost and cold as aforesaid, and well knew or ought to have known the purpose for which the plaintiff's said pinery was covered with canvas or cloth as aforesaid and that damage to plants and fruit therein was likely to happen at that season by the burning of a ·large part of the cover as aforesaid. And the plaintiff says that but for the burning of a large part of the cover through the negligence of the defendant as aforesaid, it, the said plaintiff, could have saved its said plants and fruit from damage by the particular frost and cold which damaged them, which damage was caused by the negligence of the defendant in burning part of the cover as aforesaid. And the plaintiff claims $10,000.00."

The following demurrer was interposed to the declaration:

"Now comes the defendant in the above suit, and says that the declaration and each count thereof is bad in substance and in law and demurs thereto.

SPARKMAN & CARTER.

And for substantial matters of law to be argued to the court, says: First. That neither the declaration as a whole, nor either count thereof in itself, states a cause of action against the defendant.

Second. That each count in the said declaration shows that the damage, if any, suffered by the plaintiff was not the proximate result of any negligence on the part of the defendant.

Third. That each count in the said declaration shows that the damage claimed by the said plaintiff was caused by an act of God, and was not the proximate result of any negligence chargeable against the defendant.

Fourth. That neither count in said declaration alleges or charges any facts bringing home to the defenda·· the knowledge that the freeze which caused the damage to plaintiff might be reasonably expected by the said defendant.

Fifth. That neither count in said declaration alleges facts to bring home to the defendants the knowledge that the freezing of the pineapple plants might be reasonably expected to follow directly and naturally from the burning.

Sixth. That neither count in said declaration charges such a state of facts as would show that the damage suffered by the plaintiff might be reasonably expected from burning the canvas charged to have been burned."

The demurrer was sustained and the plaintiff not desiring to further amend the declaration, judgment for the defendant was entered, and the plaintiff on writ of

## VOL. 55, JANUARY TERM, 1908.     523

Benedict Pineapple Co. v. A. C. L. Ry. Co.—Opinion of Court.

error assigns as errors the sustaining of the demurrer and the entering of judgment for the defendant.

*Massey & Warlow,* for plaintiff in error;

*Sparkman & Carter,* for defendant in error.

WHITFIELD, J., (*after stating the facts*).—It is suggested that the first ground of the demurrer, that neither the declaration nor a count thereof states a cause of action, is in effect but a mere repetition of the statutoy form of a demurrer and is insufficient.

The general statutes contain the following provisions as to demurrers in pleadings at law: Section 1430 (originally part of section 15 of chapter 1096) : "No pleading shall be deemed insufficient for any defect which could heretofore only be objected by special demurrer." Section 1441 (originally section 14 of chapter 1096) : "Either party may object by demurrer to the pleading of the opposite party, on the ground that such pleading does not set forth sufficient ground of action, defense or reply." Section 1444 (originally section 36 of chapter 1096) : "The form of a demurrer shall be as follows, or to the like effect: 'The defendant (or plaintiff) says that the declaration (or plea) is bad in substance.' And the substantial matters of law intended to be argued shall be stated; and if any demurrer shall be delivered without such statement or with a frivolous statement. it may be set aside by the court." Under this last section the demurrer to a pleading is the averment that it "is bad in substance." The statute originally required some substantial matter of law intended to be argued to be stated *in the margin* of the demurrer. The present statute does not specify how the substantial matters of law intended to be argued shall be stated, but it is usual to state them as grounds of the demurrer as in this case. Any such grounds or specifications of matters of law

524    SUPREME COURT OF FLORIDA,

Benedict Pineapple Co. v. A. C. L. Ry. Co.—Opinion of Court.

that do not comply with the statute or that are frivolous may be disregarded by the court, and if the demurrer contains no statement of substantial matters of law, or if the statements are frivolous, the demurrer may be set aside by the court as the statute provides.

Before the enactment of the statute first above quoted, the defects in a pleading that could be objected to by special demurrer were those relating to the form or manner of stating the matters contained in the pleadings and not to the sufficiency in substance of the matters alleged as a ground of action, defense or reply. The effect therefore of section 1430 is to dispense with the use of demurrers, except to test the sufficiency of the matters of substance pleaded, without reference to the form or manner of statement. Sections 1441 and 1444 above quoted refer to demurrers to test the sufficiency of the matters of substance stated as the ground of action, defense or reply, without reference to the form or manner of statement.

Rule 30 of circuit court common law rules provides that "Upon demurrer to any declaration or other pleading, the party plaintiff or defendant may admit the cause of demurrer by filing an amended declaration or pleading, which shall do away with the cause of demurrer."

A purpose of the above statutory provisions and rule is to require that a demurrer presented to test the sufficiency of the substance of a pleading shall contain a statement of the substantial matters of law intended to be argued, so that the opposite party may be advised by the pleading itself of the particulars wherein the pleading is said to be insufficient, to the end that the party whose pleading is demurred to may amend or be prepared to sustain his pleading by argument on the demurrer. This course facilitates the hearing and aids the court in the disposition of causes in the interest of justice. Sledge v. Swift, 53 Ala. 110, text 114; Moore v.

VOL. 55, JANUARY TERM, 1908.    525

Benedict Pineapple Co. v. A. C. L. Ry. Co.—Opinion of Court.

Heineke, 119 Ala. 627, 24 South. Rep. 374; Cowan v. Motley, 125 Ala. 369, 28 South. Rep. 70.

Defects of mere form and irrelevant or improper matters in a pleading in an action at law that prejudice or embarrass or delay the fair trial of the action may be reached by proper motion under section 1433 of the general statutes. Florida Cent. & P. R. Co. v. Ashmore, 43 Fla. 272, 32 South. Rep. 832; State ex rel. Attorney General v. Atlantic Coast Line R. Co., 53 Fla. 711, 44 South. Rep. 230.

A demurrer or a ground thereof that in effect merely states that a declaration or a count therein is bad in substance, or fails to state a cause or right of action, does not comply with the statute requiring the substantial matters of law intended to be argued to be stated, and will not avail as a demurrer, unless it plainly appears from a reading of the declaration or count that it does not contain by its direct statements or by fair inference from its direct statements all of the essentials of a cause of action, or unless it plainly appears from the direct statements of the declaration or count or by fair inference therefrom, that the plaintiff has no cause or right of action, or has lost it, if it ever existed. In short, a demurrer or a ground thereof that in effect merely states that a declaration or a count therein does not allege a cause of action, or is bad in substance will not be sustained, unless upon a bare inspection of the declaration or count it is clear that it fails to state the essentials of a cause of action or shows that the plaintiff has no cause of action: e g. if damages are claimed for negligence and no negligence or no damage is alleged by direct statements or by fair inference from the allegations, or if all the essentials of a cause or right of action are alleged and it appears from the declaration or count that the action is barred or destroyed by the act or default of the plaintiff, or otherwise. See State ex rel. Kittel

v. Jennings, 47 Fla. 302, text 307, 35 South. Rep. 986; Florida Cent. & P. R. Co. v. Ashmore, 43 Fla. 272, 32 South. Rep. 832; Crawford v. Feder, 34 Fla. 397, 16 South. Rep. 287; Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792; Jacksonville Electric Co. v. Schmetzer, 53 Fla. 370; 43 South. Rep. 85; A. C. L. R. Co. v. Benedict Pineapple Co., 52 Fla. 165, 42 South. Rep. 529, concurring opinion and authorities.

If it clearly appears that no cause or right of action is stated, the court may and should dismiss the action of its own motion. But if it does not clearly appear that no cause or right of action is alleged, the court is not called upon to sustain a demurrer that in effect merely states that no cause of action is alleged, or that the declaration or count is bad in substance, without stating the substantial matters of law intended to be argued as required by the statute. The defendant's right to have the sufficiency in law of the pleading passed upon by the court depends upon the proper presentation of the matter to the court. The court may not act of its own motion or upon insufficient application, except in plain cases that require little more than a bare inspection of the pleadings to determine.

Grounds of demurrer to a pleading that are in effect mere repetitions of the statutory form of a demurrer, i. e. that the pleading "is bad in substance," will not be considered unless upon an inspection it is clear that the pleading is fatally defective in substance. It does not appear from an inspection of the declaration in this case that it is fatally defective in substance, therefore the first ground of the demurrer, that neither the declaration nor any count thereof states a cause of action, is of no avail.

The main questions presented are whether the negligent burning of a canvas cover used to protect growing pineapple plants and fruit from injury by cold and frost is a proximate cause of injury by cold and frost to the

growing plants and fruit before the burned cover could by reasonable diligence be restored, so as to give the owner a right to recover damages for the injury to the plants and fruit by cold and frost; and whether the declaration sufficiently states that the alleged negligent act or omission of the defendant whereby fires escaped from a passing locomotive setting fire to the cover and burned it, is a proximate cause of the injury to the growing plants and fruit from frost and cold.

The defendant railroad company had a right to run its engine and train over its tracks, but such right is coupled with the duty to so operate the engine as not to negligently injure the property of others near the track. The duty arises by implication of law out of the relation of the parties to each other and the circumstances of the case.

To entitle a party to recover damages for his property injured or destroyed through or by the negligent act or omission of another, the negligence complained of must be shown to have been a proximate cause of the injury. Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g Co., 27 Fla. 1, 9 South. Rep. 661.

Negligence is a proximate cause of an injury when in ordinary natural sequence it causes or contributes to causing the injury without an intervening independent cause.

The negligent act or omission for which a party is liable in damages is one that proximately, i. e. in ordinary natural sequence, causes or contributes to causing an injury to another, where no independent efficient cause of the injury intervenes, and the injured party is not at fault.

A negligent act or omission may be the proximate cause of injury whether such injury necessarily or immediately follows the negligence or not, if the negligence

is in ordinary natural unbroken sequence the cause of the injury.    Sherman & Redfield on Neg. § 26; Milwaukee & St. Paul Ry. Co. v. Kellog, 94 U. S. 469.

Liability for negligence extends to all its natural, probable and ordinary results. Any injury that under the circumstances is the natural, probable and ordinary result of a negligent act or omission, is in law held to have been contemplated by the negligent party as a probable and proximate result of the negligence, when he is informed, or by ordinary observation would have been informed of the facts and circumstances attending the negligence.

Results that follow in ordinary natural continuous sequence from a negligent act or omission, and are not produced by an independent efficient cause, are proximate results of the negligence; and for such results the negligent party is liable in damages, even though the particular results that did follow were not foreseen.

Where the injury is caused by the intervention of an independent efficient cause to which the defendant did not contribute and he is not responsible, or is caused by the act or omission of the plaintiff, the negligence of the defendant is not the proximate cause of the injury. If the plaintiff contributes proximately to causing the injury, he cannot recover, unless otherwise provided by statute.

The ordinary conditions or forces of nature such as ordinary wind, cold, heat, and the like, that are usual at the time and place and under the circumstances, and that reasonably should have been expected or foreseen as probably to occur, are not, in general, independent, efficient causes, when they affect or operate upon a negligent act or omission in causing a result. Those who are negligent are held in law to know the usual effect of ordinary natural conditions and forces upon a negligent act or omission, and to have contemplated the ap-

pearance and the effect of such conditions and forces upon their negligence or upon its proximate results, and to be liable in damages for the natural and probable proximate results of the negligence. 13 Am. & Eng. Ency. Law (2nd ed.) 457, *et seq.;* 1 Thompson on Neg. 136; Wharton on Neg. § 97.

·If the natural condition or force that affects the negligent act or omission is unusual or extraordinary, the negligent party will not, in general, be held to have known of or contemplated it, unless the circumstances of the particular negligent act or omission are such that the negligent party should have known of or contemplated the probable appearance and effect of such unusual or extraordinary natural condition or force. If the injury was caused by some extraordinary or unusual natural force or condition that could not have been foreseen or that would have caused the injury if there had been no negligence, the negligence is not the proximate cause of the injury.

· Where the injury complained of is the result of the negligence of the defendant and of of some other contributing cause not an independent efficient cause, and the result could not have been produced in the absence of either contributing cause, the defendant's negligence is a proximate cause of the injury, if under the circumstances attending the defendant's negligence, the injury was a probable, natural and usual result of the two contributing causes, that the defendant is held to have contemplated, and the plaintiff or those for whom he is responsible did not contribute proximately to the injury. Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g Co., 27 Fla. 1, 9 South. Rep. 661; Moore v. Lanier, 52 Fla. 353, 42 South. Rep. 462.

· Where a negligent act or omission is a proximate cause of an injury, the negligent party is liable in damages for the usual and natural consequences of the injury

34

whether the particular consequences that followed the negligence were actually contemplated or not. For such losses as necessarily follow the injury as the result of the negligence, recovery may be had under a claim for general damages. Losses that are the natural and proximate, but not the necessary, result of the injury may be recovered as special damages when sufficiently stated and claimed. Jacksonville Electric Co. v. Batchis, 54 Fla. 192, 44 South. Rep. 933.

If by a wind that is ordinarily likely to occur, a fire, started by the negligence of a railroad company, is communcated to and destroys property of another, the company is liable in damages for the property so destroyed, since it is held to have contemplated all the natural and ordinary consequences of the negligence. Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g Co., 27 Fla. 1, 9 South. Rep. 661, 17 L. R. A. 33; Florida East Coast Ry. Co. v. Welch, 53 Fla. 145, 44 South. Rep. 250.

Where a railroad company allows water from its tank to run upon the premises of another in the winter season, and the water subsequently freezes and injures property on such premises, the company is liable in damages for the injury, since the negligent escape of the water from the tank in ordinary natural sequence caused a result that under the circumstances should have been expected. The negligence of the company in permitting the water to run on the premises was the proximate cause of the injury to the property from the freezing of the water. The Chicago and Northwestern Ry. Co. v. Hoag, 90 Ill. 339.

Where a means such as a fence or a cover or the like has been provided by the owner of property to protect it from an injury that will probably occur, and such means are, without fault of the owner, injured or destroyed by the negligent act or omission of another, who under the circumstances of the case knew or should have

known of the use to which the means was applied and of the injury that would probably result from the destruction of such means, damages may be recovered for injuries to the property that was so protected, which proximately follow or result from the destruction of the means provided for the protection of the property injured.    Garrett v. Sewell, 108 Ala. 521, 18 South. Rep. 737; Krebs Manuf'g Co. v. Brown, 108 Ala. 508, 18 South. Rep. 659; Miller v. St. Louis, I. M. & S. Ry. Co., 90 Mo. 389, 2 S. W. Rep. 439.

The declaration alleges that the defendant so carelessly and negligently managed and operated one of its locomotives that fire escaped therefrom and set fire to and burned the canvas or cloth covering to a pinery of growing plants "situated near to the track of the defendant."

Owners of property have a right to use it in any manner desired that is not inconsistent with the rights of others.    This includes the right of those having land near a railroad track to place a canvas cover over plants growing on the land; and the mere fact that the cover is within the reach of sparks of fire emitted from a locomotive engine passing on the track near by, does not relieve the railroad company from liability for its negligence in permitting the sparks to escape and burn the cover.    While those having property are charged with the duty of caring for it, there is no obligation to constantly guard and protect it from injury by the negligence of others.    See Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g Co., 27 Fla. 1, 9 South. Rep. 661.

It is alleged that the canvas cover placed over growing pineapple plants and fruit to protect them from injury by cold and frost was destroyed by the negligence of the defendant, who should have known the use of the cover and the protection it afforded, and that because of the destruction of the cover, a cold and frost that

532    SUPREME COURT OF FLORIDA,

Benedict Pineapple Co. v. A. C. L. Ry. Co.—Opinion of Court.

ordinarily should have been expected as likely to occur at the time and place, did occur and injured the plants and fruit without the fault of the plaintiff.

If the negligent burning of the canvas cover to the growing pineapple plants and fruit defeated the sole object for which the cover was used, and such negligent burning of the cover in ordinary natural sequence caused the injury to the growing plants and fruit by cold and frost that under the circumstances should have been expected as likely to occur and injure the plants at the time and place of the negligent burning of the cover, such negligent burning was the proximate cause of the injury to the growing plants and fruit from cold and frost.

Injury to growing pineapple plants and fruit by ordinary cold and frost that should have been expected as likely to occur, is not such an act of God as will relieve from liability for such injury a railroad company that negligently burned the cover over the plants and fruit, which cover was used solely to protect the plants and fruit and would have prevented the injury. See Norris v. Savannah, F. & W. Ry. Co., 23 Fla. 182, 1 South. Rep. 475; Texas & P. Ry. v. Coggin & Dunaway, (Tex. Cix. App.), 99 S W. Rep. 1052.

If the injury would not have resulted from the cold and frost, but for the negligent burning of the cover, the defendant is liable, as such negligence made effective and injurious an ordinary natural condition that should have been contemplated and that would otherwise have been harmless.

Under the allegations of the declaration, the negligent burning of the cover was a primary and efficient act that in ordinary natural sequence caused the injury to the growing plants and fruit by cold and frost, such injury not being the result of an intervening independent efficient cause, or an extraordinary or unusual frost and cold that could not have been foreseen, or that would have injured the plants if the cover had not been burned

VOL. 55, JANUARY TERM, 1908     533

Benedict Pineapple Co. v. A. C. L. Ry. Co.—Opinion of Court.

by the negligence of the defendant. If this is proved the plaintiff may recover damages for the injury.

The count of the original declaration upon which recovery was held to be "fatally defective in not alleging negligence, either of commission or omission, on the part of the defendant in communicating the fire" to the canvas cover, and also in not alleging facts "sufficient to bring home to the defendant that the burning might reasonably have been expected to result directly and naturally in damage to the plants and fruit by cold and frost." Atlantic Coast Line Ry. Co. v. Benedict Pineapple Co., 52 Fla. 165, 42 South. Rep. 529.

Where negligence is the basis of recovery, the declaration should contain allegations of the negligent act or omission of the defendant, and also allegations of facts to show injury to the plaintiff, and that such injury was a proximate result of the negligence alleged.

The declaration now in the first count alleges that the defendant "so carelessly and negligently managed and operated one of its locomotives while drawing a train of cars * * * that fire escaped from said locomotive and set fire to the canvas or cloth with which the pinery belonging to the plaintiff and situated near to the track of the defendant * * * was covered, and burned a large part, to-wit: about one acre of the said cover. This is a sufficient allegation of a negligent act of the defendant in communicating fire to the canvas cover, and of injury resulting proximately therefrom to the plaintiff when taken with the claim for damages, to authorize a recovery of general damages or such as naturally and necessarily result from the burning of the canvas cover to the extent of its value.

As special damages resulting from the negligent act alleged the first count further states "that in the said pinery, a large number of pineapple plants and fruit were growing and were likely to be damaged by frost

and cold in the" stated vicinity and "the latitude thereof in the winter season, and that it was usual and customary in and about the said" vicinity "and latitude to cover pineries with canvas or cloth in order to protect the plants and fruit growing therein from damages by frost and cold" and to keep in the heat supplied by fires maintained in the pineries during spells of frost and cold which ordinarily come in the winter season on short notice and would otherwise damage the plants and fruit; that in accordance with said custom plaintiff provided said pinery with a good canvas or cloth cover and also provided stoves and fuel therein ready and sufficient within the covered pinery to heat the same immediately upon the coming of frost and cold dangerous to the plants and fruit and thus preserve them from damage therefrom; "that shortly after the burning of the portion of cover as aforesaid and before the plaintiff by exercise of any reasonable diligence by it could replace the part of the cover which had been burned through the negligence of the defendant as aforesaid, the plants and fruit were damaged by frost and cold for want of the complete cover and the subsequent inability of the plaintiff to control the temperature within said pinery; that the defendant well knew or ought to have known" of the custom, conditions and circumstances alleged, and that the "damage was caused by the negligence of the defendant in burning part of the cover as aforesaid." Damages are claimed in $10,000.00.

As the defendant is liable for such injurious results as were likely to and did naturally and proximately follow its negligence, it was not necessary to allege as contended "that at the time of the occurrence of the fire the weather was such that cold or frost could be anticipated by the defendant" or "that in the month of January cold or frost of such character as to damage pine-

apple plants ordinarily occurred. That the month of January when the fire occurred was "in the winter season" the court knows judicially; and there are allegations that pineapple plants and fruit are likely to be damaged by frost and cold in the vicinity stated in the winter season, that it was usual and customary there to cover the growing plants with canvas to protect them from damage by frost and cold, and that the defendant knew, or should have known of all the circumstances alleged. If the frost or cold of any degree injured the plants or fruit under the circumstances alleged, as the proximate result of the defendant's negligence, it is not necessary to state the extent of the frost or cold necessary to the damage, or that such frost or cold was likely to come at the time the fire occurred, because of the then condition of the weather, as is insisted by the defendant in error.

If the defendant was negligent in burning the cover, it cannot be relieved from liability for the proximate results of such negligence on the ground that an ordinary natural condition, i. e. frost and cold intervened, when such ordinary cold and frost should have been expected as probably to occur at the time and place of the negligence. The declaration in effect alleges that the cold which injured the plants should under the circumstances have been contemplated by the defendant as likely to occur, that the injury was the natural result of the cold, and that such injury would not have resulted but for the negligence of the defendant that caused the fire to ·destroy the covering to the plants. The demurrer admits this. It is in effect alleged that by ordinary natural sequence the negligence of the defendant in starting the fire burned the covering thereby exposing the growing plants and fruit to an injurious cold and frost that under the circumstances stated should have been expected as likely to occur, and the plants and fruit were injured by such cold and frost without the fault of the plaintiff

because the covering was destroyed by the fire started by defendant's negligence. It is sufficiently alleged that the negligence of the defendant was the proximate cause of the injury to the plants and fruit by cold and frost.

The cold that injured the plants was not an independent efficient cause occurring between the negligence of the defendant and the injury by cold and frost, as such injury was the natural and ordinary result of cold and frost that it is alleged should have been expected as likely to occur as an ordinary or usual natural condition that would not have been harmful to the plants if the covering had not been destroyed by the fire negligently started by the defendant.

The allegation that the damage to the plants from frost and cold occurred after and as a result of the negligent burning of the cover sufficiently connects by ordinary natural sequence the negligence of the defendant and the injury by cold to the plants and fruit. If the plaintiff was negligent in not using reasonable diligence to protect the plants after the fire occurred and before the frost or cold caused the damage, such negligence of the plaintiff is a matter of defense in mitigation of damages under the statute. Negligence or fault of the plaintiff does not appear from the declaration, but on the contrary, it is alleged and admitted by the demurrer that the damage occurred "before the plaintiff by the exercise of any reasonable diligence by it could replace the part of the cover which had been destroyed through the negligence of the defendant."

In view of the peculiar risks and duties of a railroad company in the use of the dangerous machinery running rapidly and carrying fire along the lines of its road, the statutes of this state provide that "a railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of

such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." No person shall recover damages from a railroad company for injury to himself or his property, when the same is done by his consent or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him." Sections 3148, 3149 General Statutes of 1906. If the railroad company negligently caused the injury complained of, the complainant may recover; but if the complainant contributed to the injury by his own fault or negligence the damages to be recovered are affected by the default or negligence attributable to the complainant. Florida Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 South. Rep. 558.

The demurrer admits all the allegations of the declaration that are well pleaded. The negligence of the defendant in causing the burning of the canvas cover and the injury to the growing plants and fruit by cold as a natural, probable and proximate result of the burning of the cover that should under the circumstances have been known to and contemplated by the defendant, may have been stated in more positive and affirmative terms, but the allegations are sufficiently direct and certain to state a cause of action requiring a response from the defendant.

The second count of the declaration is subject to the above conclusions.

The judgment is reversed and the cause is remanded.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.