H. S. WILLIAMS, *Plaintiff in Error*, v. THE ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Defendant in Error.*

| 56 | 735 |
| 57 | 216 |
| 56 | 735 |
| 59 | 280 |
| 60 | 141 |
| 60 | 143 |
| 60 | 147 |
| 60 | 151 |
| 60 | 152 |

1. Before liability in damages for a negligent act or omission can arise, it is necessary that a causal relation, such as the law recognizes as being sufficient, should exist between the damage complained of and the act alleged to have occasioned the damage. If such a relation does not exist, the damage is said to be remote and cannot be recovered. If such a relation does exist, then the damage is said to be a proximate result of the wrongful act to which it is attributed, and conversely the wrongful act is said to be the proximate cause of the damage.

2. Only such damages may be recovered as were contemplated or might reasonably be supposed to have entered into the contemplation of the parties to the contract of carriage. If the owner of the goods would charge the carrier with any special damages, he must have communicated to the carrier all the facts and circumstances of the case which do not ordinarily attend the carriage or the peculiar character and value of the property

carried, for otherwise such peculiar circumstances cannot be contemplated by the carrier.

3. In an action against a railroad company for damages caused by the failure of the company to deliver within a reasonable time orange boxes entrusted to the defendant to transport for hire, the plaintiff cannot recover the loss and damage in the enforced idleness of persons employed to pack and ship his oranges on his orange groves, where the defendant was not informed that men had been employed to pick the oranges, or the time within which the oranges were to be picked, and the contract of carriage did not fix any specific time for the transportation and delivery of the boxes.

4. In an action against a railroad company for damages caused by its failure to transport and deliver orange boxes within a reasonable time, the allegations of the declaration "that by reason of the premises the plaintiff incurred loss and damage in being unable to pack and ship part of his oranges for the Christmas market" are not stated with such certainty as to show the liability of the defendant therefor.

5. The freezing of plaintiff's oranges on the trees is not so direct, natural and proximate a result of the failure of a railroad company to deliver to the plaintiff within a reasonable time orange boxes entrusted to the defendant company to transport for hire as to make such company liable therefor by reason of such delay, where the contract of carriage did not fix any specific time for the transportation and delivery of the boxes, and the defendant company was not informed that the plaintiff would leave the oranges on the trees, exposed to the dangers of the cold, until the boxes were delivered.

6. Allegations in the declaration of the plaintiff's loss or damage may not be so wholly irrelevant as to be amenable to a motion to strike, and yet subject to compulsory amendment under the statute.

7. When the allegations of the declaration show the legal right of the plaintiff has been invaded, he may recover at least nominal damages, and a demurrer thereto should be overruled.

This case was decided by Division B.

Writ of Error to the Circuit Court for Orange County.

## *Statement.*

The plaintiff in error, on the 19th day of October, 1906, filed in the Circuit Court for Orange County, a declaration against the defendant in error, the first count thereof being as follows:

"For that the plaintiff on or about December 7th, 1904, purchased from the Oxford Crate Company, doing business at Crystal River in the State of Florida, one carload of orange boxes, to-wit: two thousand and five hundred boxes, to be shipped forthwith, and on or about the 7th day of December, 1904, the said Oxford Crate Company delivered the said goods to the defendant who was then and there a common carrier of goods for hire, at Crystal River aforesaid, a station on the defendant's railway, for transportation and delivery to the plaintiff at Rock Ledge, State aforesaid, a station on the railway line of the Florida East Coast Railway Company; and the defendant then and there agreed and undertook to transport the said goods from Crystal River aforesaid to Rock Ledge aforesaid, and to deliver them to the plaintiff at Rock Ledge aforesaid within a reasonable time, for reward to the defendant in that behalf; yet the defendant failed to deliver the said goods within a reasonable time and carelessly and negligently did not deliver them to the plaintiff until the expiration of a long and unreasonable time, a period of at least thirty days, when the usual and reasonable time for said transportation was five days, and by reason of the premises the plaintiff incurred loss and damage in the enforced idleness of persons employed to pack and ship his oranges on his orange groves at Rock Ledge aforesaid, and also in being unable to pack and ship part of his oranges for the Christmas market, and also in the freezing of a large part of his orange crop,

to-wit, one thousand and two hundred boxes of oranges which were frozen on the trees, to-wit, on January 24th, 1905, and which would have been packed and shipped but for the negligence of the defendant aforesaid. And that plaintiff says that he used all due diligence to secure the orange boxes but without avail, and that the defendant well knew the purpose, namely the packing and shipping of the oranges then on the trees in the plaintiff's groves, for which said orange boxes were to be used, and well knew the danger in which plaintiff's oranges were from cold, and the necessity of guarding them against such danger by packing and shipping them without delay."

The second count differs from the first in alleging the negligence of the defendant to consist in unreasonable delay in delivering the said goods to the connecting carrier. The plaintiff claimed five thousand dollars damages.

The defendant demurred to each count in the declaration, and stated the substantial matters of law to be argued as follows:

1.    That neither count in said declaration states any cause of action.

2.    That said declaration in each count thereof is vague and uncertain.

3.    That the damage claimed by said plaintiff, if any, was caused by an act of God, and not by the negligence of the defendant.

4.    Because said declaration does not show in either count that the defendant was informed of any immediate necessity for moving said orange crates, nor had it agreed to carry the same within any specified time.

Afterwards the defendant filed a statement of additional substantial matters of law to be argued as follows:

1.    Because neither the said declaration nor either

count thereof states a cause of action against said defendant.

2. Neither count of said declaration charges sufficient facts to bring home to the defendant the probability of a freeze destroying the orange crop.

3. Neither count in said declaration charges sufficient facts brought home to the notice of the defendant to make it liable for any damage suffered by the plaintiff on account of the idleness of his employees, or any loss on account of the oranges not reaching the Christmas market.

The defendant filed also the following motion to strike certain portions of counts in the declaration:

"Now comes the defendant in the above entitled cause and moves the court to strike out from the first count in the declaration filed in said cause, the following language, to-wit: 'And by reason of the premises the plaintiff incurred loss and damage in the enforced idleness of persons employed by him to pack and ship his oranges on his orange grove at Rock Ledge aforesaid.' 'And also in being unable to pack and ship part of his oranges for the Christmas market.' For the reason that said allegations are immaterial and irrelevant and not the natural result of the alleged negligence on the part of the defendant.

Second. Because said declaration does not show that the defendant was informed of the employment of the persons to pick said oranges, nor that the plaintiff intended said oranges for the Christmas market."

And the defendant also moves the court to strike out from said declaration in the first count thereof, the following language: 'And also in the freezing of a large part of his crop, to-wit: 1,200 boxes of oranges which were frozen on the trees on the 24th day of January, 1905, and which would have been picked and packed and

shipped but for the negligence of the defendant aforesaid.' Because the freezing of said oranges was not the proximate result of defendant's negligence and was not caused by the alleged negligence of the defendant at all but by an act of God.

And the defendant also moves the court to strike out from the second count of said declaration the following language, to-wit: 'And by reason of the premises the plaintiff incurred loss and damage in the enforced idleness of persons employed to pack and ship his oranges on his grove at Rock Ledge aforesaid, and also in being unable to pack and ship part of his oranges for the Christmas market.' For the reason that it is not shown in said declaration that the defendant was informed either of the employment of persons to pick said oranges or of the plaintiff's intent to ship said oranges for the Christmas trade.

The defendant also moves the court to strike out from the second count of said declaration the following language: 'And also in the freezing of a large part of his crop, to-wit: 1,200 boxes of oranges which were frozen on the trees on the 24th of January, 1905, and which would have been packed and shipped but for the negligence of the defendant aforesaid.' For the reason that the freezing of said oranges was not the proximate or actual result of the alleged negligence on the part of the defendant and that the negligence of the defendant did not cause said freezing, but the same was caused by an act of God."

Afterwards the defendant added the further ground to the motion to strike, that there are no facts alleged in said declaration to bring home to the defendant knowl edge of the probability of the freezing of said crop of oranges.

On September 16th, 1907, the court sustained the foregoing demurrer and granted the said motion to strike.

The plaintiff not desiring to amend his declaration, final judgment was entered against him. From this judgment plaintiff seeks relief here by writ of error.

*Hudson & Boggs* and *L. C. Massey*, for plaintiff in error.

*Sparkman & Carter,* for defendant in error.

PARKHILL, J.—(*After stating the facts.*)—The question presented by the assignments of error is, whether the special damages claimed by the plaintiff may be recovered from the defendant company. We have had occasion to declare over and over again, that before liability can arise it is necessary that a causal relation, such as the law recognizes as being sufficient, should exist between the damage which is complained of and the act alleged to have occasioned the damage. If such a relation does not exist, the damage is said to be remote and cannot be recovered. If such a relation does exist, then the damage is said to be a proximate result of the wrongful act to which it is attributed, and conversely the wrongful act is said to be the proximate cause of the damage.

In Benedict Pineapple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732, the negligent act or omission for which a party is liable in damages is said to be one that proximately, *i. e.,* in ordinary, natural sequence, causes or contributes to causing an injury to another, when no independent, efficient cause intervenes, and the injured party is not at fault.

In Moore v. Lanier, 52 Fla. 353, 42 South. Rep. 462, we said: "Proximate cause is that which naturally leads

to or produces or contributes directly to produce a result such as might be expected by any reasonable and prudent man as likely to directly and naturally follow or flow out of the performance or non-performance of any act." See also Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g Co., 27 Fla. 1, 9 South. Rep. 661, S. C. 17 L. R. A. 33; Florida East Coast R. Co. v. Wade, 53 Fla. 620, 43 South. Rep. 775.

In Brock v. Gale, 14 Fla. 523, this court held that only such damages may be recovered as were contemplated or might reasonably be supposed to have entered into the contemplation of the parties to the contract of carriage. On page 532 of the opinion, the court said: "If the owner of the goods would charge the carrier with any special damages, he must have communicated to the carrier all the facts and circumstances of the case which do not ordinarily attend the carriage or the peculiar character and value of the property carried, for otherwise such peculiar circumstances cannot be contemplated by the carrier." The opinion then proceeds to quote from the famous case of Hadley v. Baxendale, 9 Exch. 341: "For had the special circumstances been known, the parties might have expressly provided for the breach of the contract by special terms as to the damage in that case, and of this advantage it would be very unjust to deprive them." And then the opinion quotes the following language of Judge Selden, in Griffin v. Colver, 16 N. Y. 489: "The damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract —that is, they must be such as might naturally be expected to follow its violation, and they must be certain, both in their nature and in respect to the cause from which they proceed."

With these principles of the law to guide us, we must

determine whether the defendant company may be held liable for the special damages set up in the declaration. We think it perfectly clear that the defendant, in view of the allegations of the declaration, cannot be held liable for loss and damage in the enforced idleness of persons employed to pack and ship plaintiff's oranges on his orange groves at Rock Ledge. It cannot reasonably be supposed that this element of damage entered into the contemplation of the parties to this contract of carriage. From what we know of this contract and the circumstances of its making and the shipment of the boxes, the railroad company could not have contemplated that the plaintiff would hire persons to pack his oranges as soon as the boxes were shipped over defendant's road and keep them idle until the boxes were delivered. These facts and circumstances were not communicated to the defendant. They do not ordinarily attend the carriage of orange boxes. It does not follow that, because the plaintiff contracted for the transportation and delivery of boxes to be used in packing and shipping his oranges, that he must necessarily hire hands to pack and ship the oranges.

Although the declaration alleges generally that the defendant knew the purpose for which said orange boxes were to be used and the danger in which the oranges were from cold and the necessity of guarding against such danger, it does not allege that defendant knew that men had been employed to pick the oranges, or the time within which the oranges were to be picked. And the contract did not fix any specific time for the transportation and delivery of the boxes.

This element of damage is not the natural, direct or proximate result of the breach of this contract and was properly stricken on motion. As the Supreme Court of Kansas said, in Johnson v. Mathews, 5 Kan. 118,

text 122: "The proximate cause of the plaintiff's loss was his own act * * * the hiring of hands * * * and the hiring of hands was a collateral agreement between the plaintiff's and third parties, having no necessary connection whatever with the original contract, or the breach of it. * * * According to the petition and evidence in this case, the defendant did not at the time of making the contract, or even at any other time before the trial, know that the plaintiffs had, or intended to have any hired hands for the purpose of running the machine or for any other purpose. If the defendant had known at the time of making the contract that the plaintiffs intended to hire these hands, then he would have virtually authorized the same, and the plaintiffs could recover the damages they claim." See Guss & Glover v. Southern Ry., 73 S. C. 264, 53 S. E. Rep. 421.

We do not think the allegations of the plaintiff's loss or damage caused by his inability to pack and ship his oranges for the Christmas market are stated with such certainty as to show the liability of the defendant therefor.

This allegation of the declaration, however, that "by reason of the premises the plaintiff incurred loss and damage * * * in being unable to pack and ship part of his oranges for the Christmas market" does not seem to be so wholly irrelevant as to be amenable to a motion to strike, though it may be subject to compulsory amendment under the statute. If the breach of duty by unreasonably delaying the transportation of the orange boxes as alleged proximately caused a failure to reach an advantageous market and a loss ensued which should reasonably have been contemplated, the carrier may be liable in damages for such losses as are capable of definite ascertainment that were proximately caused by the delay and not by the intervention of another efficient

cause or by the fault of the plaintiff. On the motion to strike, the court could have made an appropriate order for compulsory amendment. See Jackson Sharp Co. v. Holland, 14 Fla. 384, text 389; Camp v. Hall, 39 Fla. 535, text 569, 22 South. Rep. 792; Benedict Pine Apple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732, text 736; Russ v. Mitchell, 11 Fla. 80; Hildreth v. Western Union Tel. Co., decided at this term.

It is clear that the defendant cannot be held liable for the freezing of plaintiff's orange crop.

The defendant did not agree to deliver the orange boxes within any specified time. And the declaration does not charge that the defendant knew the plaintiff would leave the oranges on the trees, exposed to the dangers of the cold, until the orange boxes were delivered. The defendant could not contemplate that the plaintiff would thus expose his fruit beyond a reasonable time for the delivery of the boxes. The declaration does allege that the defendant knew the danger in which plaintiff's oranges were from cold and the necessity of guarding them against such danger by packing and shipping them without delay, but the plaintiff knew all this as well as the defendant knew it.

If the carrier wrongfully delayed the transportation and delivery of the orange boxes, the shipper could not leave the oranges exposed to the weather at the carrier's loss; it would still be his duty to preserve the property and house, or protect the same from damage by cold, if it could be reasonably done, and it would be his right to recover of the carrier the reasonable expense therefor, together with the proximate damages for the delay. St. Louis, Arkansas & Texas R. Co. v. Neel, 56 Ark. 279, 19 S. W. Rep. 963, 55 Am. & Eng. R. R. Cases 428.

In order for a shipper or consignee to recover of a

carrier for delay in the shipment or transportation of goods, it must be made to appear clearly that the delay was the proximate cause of the injury complained of. 5 Am. & Eng. Ency. Law (2nd ed.) 253.

Under the allegations of the declaration the freezing of plaintiff's oranges on the trees was not the natural, direct or proximate result of the failure of the railroad company to deliver the orange boxes within a reasonable time.

The delay in the transportation of the orange boxes cannot be said to have directly caused or contributed directly to causing the result—the loss of the oranges—without the intervening of an independent efficient cause—the freezing of the oranges. In this connection, the Supreme Court of Michigan, in Michigan Central R. R. Co. v. Burrows, 33 Mich. 6, text 14, said: "The contract which the defendant entered into in this case was to carry the property safely and deliver it within a reasonable time to the next carrier at Chicago. The only breach of this agreement complained of was the failure to deliver within a reasonable time. Are, then, the damages claimed the natural and proximate consequence of such breach? We think not. To be so the loss must be immediately connected with the supposed cause of it. The loss in this case might or might not have occurred even had there been no delay. If in the ordinary course of events a certain result usually follows from a given cause, then we may well consider the immediate relation of the one to the other to be established. Cold, freezing weather does not, however, in the ordinary course of events, follow from mere delay; such is not the natural and direct result of the delay. It is true that in certain climates, and at certain seasons, such an injury would be much more likely to result from delay, while at others there would be not even a possibility of

such a result following. It is very evident, therefore, that as we approach the one or the other we must enter upon debatable ground, where it would be very difficult, if not indeed impossible, to say what the result of a given delay would be. Where fruit is to be carried a long distance, especially in such a country as this, where the climate is so changeable, it would as frequently result that delay would be the cause of averting such an injury as of contributing to it. It may be true that had there been no delay whatever on the part of defendant, the loss would not have happened. The law, however, can not enter upon an examination of, or inquiry into, all the concurring circumstances which may have assisted in producing the injury, and without which it would not have occurred. To do so would only be to involve the whole matter in utter uncertainty, for when once we leave the direct, and go to seeking after remote causes, we have entered upon an unending sea of uncertainty, and any conclusion which should be reached would depend more upon conjecture than facts."

The case of Benedict Pine Apple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732, is not inconsistent with the holding in the instant case. That was a case where a canvas cover was put over growing plants and fruit by the owner thereof to protect them from ordinary and usual cold and frost that would probably occur, and such cover was burned by the negligence of the defendant, without the fault of the owner, and the plants and fruit were injured by such cold and frost before the burned cover could by reasonable diligence have been restored; and this court held such injury to the plants and fruit was not such an act of God, or such an independent, efficient cause as would relieve from liability the party who negligently burned the cover.

In that case the owner was not at fault, and the plants

were injured by the frost before the burned cover could by reasonable diligence have been restored, and the defendant company was the active, moving efficient cause of the destruction of the plants that had been actually covered by the prudent owner, to prevent their injury by cold and frost that would probably occur at the time and place of the negligence.

In the instant case, the owner of the oranges was at fault. The boxes were delivered to the defendant on the 7th day of December, 1904, and it should have delivered them to the plaintiff in five days, or on the 12th day of December, and although they were not delivered for forty-two days, or until the 24th day of January, 1905, the plaintiff does not appear to have made any attempt to procure other boxes and made no effort to protect the oranges; but he left the oranges on the trees all that time, exposed to the dangers of the cold, when he might have gathered the crop and housed the same, and perhaps under a proper showing might have a just claim against the defendant for the extra expenses of thus protecting the same. And the defendant company, unlike the defendant in the Pineapple case, was not the active, moving, efficient cause of the destruction of fruit that had been properly protected by the owner, but merely delayed the transportation and delivery of boxes intended for the shipment of the oranges. This is not a case where a railroad company, having possession of oranges for transportation, negligently unloaded and exposed the same so that they were destroyed by freezing weather.

As the allegations of the declaration show that the legal right of the plaintiff to have his orange boxes carried and delivered within a reasonable time has been invaded, he may recover at least some damages, and for this reason the demurrer should have been overruled.

13 Cyc. 14; Western Union Tel. Co. v. Milton, 53 Fla. 484, 43 South. Rep. 495; Borden v. Western Union Tel. Co., 32 Fla. 394, 13 South. Rep. 876; Crutcher v. Choctaw, O. & G. R. Co., 74 Ark. 358, 85 S. W. Rep. 770.

The judgment is reversed.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.